**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4864

JAMES WESLEY ATKINS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4865

TALCO GROUP CORPORATION,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Virginia, at Abingdon.
Glen M. Williams, Senior District Judge.
(CR-97-7)

Submitted: March 3, 1999

Decided: June 17, 1999

Before WILKINS, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Barry L. Proctor, Abingdon, Virginia, for Appellants. Robert P.
Crouch, Jr., United States Attorney, Richard A. Mountcastle, Assis-

tant United States Attorney, Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

James Wesley Atkins appeals from his convictions for bankruptcy fraud and related crimes and from his seventy-eight month prison sentence. On appeal, Atkins alleges there was insufficient evidence presented at trial to support his convictions under 18 U.S.C.A. §§ 152(1), 152(8) (West Supp. 1998) and that he should have received credit for acceptance of responsibility under U.S. Sentencing Guidelines Manual ("USSG") § 3E1.1 (1997). For the reasons that follow, we affirm.

In his first issue, Atkins freely admits he diverted funds from an escrow account to his own personal use but maintains that this conduct fails to violate the statutory prohibitions against bankruptcy fraud contained in 18 U.S.C.A. §§ 152(1), 152(8). Adkins argues that his actions support a showing of larceny but fail to support the element of "concealment."[1] This court will sustain the jury's verdict if there is substantial evidence, taking the view most favorable to the Government, to support it. See Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is evidence that a reasonable fact-finder would find as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. Id.

Viewing the evidence, as we are required, reveals the following. Atkins owned and operated a real estate loan closing service known

_____

[1] Atkins does not allege any other deficiency of proof other than concealment.

2

as Talco Group, Inc. In that capacity, Atkins conducted a real estate closing for the sale of real property by Big Fist Coal Company, which had filed for Chapter 11 bankruptcy protection. Initially, Atkins appropriately placed the $40,815.01 in proceeds from the Big Fist sale into his escrow account at Central Fidelity National Bank; the money was to remain there until Atkins was further instructed, as competing creditor banks had made claims to the proceeds. On October 3, 1995, however, Atkins debited the escrow account for $40,815.01, and the next day placed the money into another account in the name of Talco Group Escrow Agent at the Charter Federal Savings Bank.[2] Atkins also prepared false documents purporting to show that the $40,815.01 was actually sent to the bankruptcy court, rather than diverted to his own account.

Based upon these facts, we find that substantial evidence supports a finding that Atkins attempted to conceal his misappropriation of funds from the bankruptcy court. He secretly took the funds out of his escrow account and then created false documents to conceal the transfer. Further, other courts have concluded that such diversions may constitute concealment. See generally United States v. Weinstein, 834 F.2d 1454, 1462 (9th Cir. 1987) (concealment need not consist of secretly appropriating funds for one's personal use; it is sufficient if one withholds knowledge of assets that the trustee should be told); United States v. Turner, 725 F.2d 1154, 1157 (8th Cir. 1984) (sale of car not recorded in the corporation's books constituted concealment).

We review the district court's decision to deny Atkins credit for acceptance of responsibility under USSG § 3E1.1 for clear error. See United States v. Myers, 66 F.3d 1364, 1372 (4th Cir. 1995). Under USSG § 3E1.1(a) a defendant who clearly shows acceptance of responsibility for an offense may have his offense level decreased by two levels. The burden is on the defendant to establish by a preponderance of the evidence that he is entitled to the adjustment. See United States v. Urrego-Linares, 879 F.2d 1234, 1238-39 (4th Cir.

_____

[2] The amount deposited at Charter Federal was $40,809.01, due to a six dollar cashier's check fee charged by Central Fidelity. Because of Atkins' misappropriation of funds from his escrow account, that account was ultimately closed and the bankruptcy court never received the $40,815.01 from the sale.

3

1989). The adjustment, however, is not meant to apply where a defendant has put the government to its burden of proof at trial. See USSG § 3E1.1, comment. (n.2); United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995).

We find Atkins has failed to show he clearly accepted responsibility for his offense. First, he put the Government to the burden of trial. See Castner, 50 F.3d at 1279-80. Second, as noted by the district court at sentencing, Atkins blamed his crimes on poor business conditions, rather than personally owning up to his transgressions.[3]

Accordingly, we affirm Atkins' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[3] The district court found Adkins' excuse particularly troubling as testimony from Atkins' employees revealed the office was, in fact, very busy during the relevant time period.

4